# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN ALLEN O'BRIAN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:20-1367** |
| **v.** | : | **(JUDGE MANNION)** |
| **SCI-CAMP HILL MEDICAL DEPT,** | : | |
| **Defendant** | : | |

## MEMORANDUM

### I.  Background

Plaintiff, Jonathan Allen O'Brian, an inmate formerly confined at the State Correctional Institution, Camp Hill ("SCI-Camp Hill), Pennsylvania[1], filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The only named Defendant is the SCI-Camp Hill Medical Department. Id. The Plaintiff complains of a fall he had at SCI-Camp Hill. Id. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information contained therein and the Clerk will be ordered to file the complaint.

---

[1] Plaintiff is currently housed at the State Correctional Institution, Houtzdale, Pennsylvania.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed, with leave for Plaintiff to file an amended complaint.

## II.    **Factual Allegations**

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff states that he "was taking Meklazine for vertigo and on 1/8/20 was the last day [he] had [his] meds for 5 days." Id. He claims that he was "called to [Medical] Bldge (sic) to get [his] meds renewed" and "on [his] way back down the steps [he] got dizzy and fell down the steps which put [him] in a wheelchair for 2 weeks due to physiatic (sic) nerve damage and causing pain and couldn't put pressure on [his] right knee." Id.

Plaintiff claims that he was "told by medical [he] could have injured [his] tendons/ligaments" and that he has "only seen physical therapy once." Id.

Plaintiff files the instant action claiming, "medical neglect, knowing that a person has vertigo should never delay their meds" and that because he had a cane, he was "told by medical anyone with a cane, crutch should be

- 2 -

using the elevator, not the steps." Id. For relief, Plaintiff seeks damages for "physiatic nerve and right knee" and that he "might have done damage to ligaments and tendons." Id.

## III.   Discussion

### A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. §1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. §1915A(b), or brings a claim with respect to prison conditions. See 42 U.S.C. §1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive *sua*

- 3 -

*sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. <u>Fowler v. UPMS Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Belmont v. MB Inv. Partners, Inc.</u>, 708 F.3d 470, 483 n. 17 (3d Cir. 2012) (quoting <u>Iqbal</u>, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. §1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." <u>Schreane v. Seana</u>, 506 F. App'x 120, 122 (3d Cir. 2012) (*per curiam*) (citing <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000)); <u>Mitchell v. Beard</u>, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. §1997e(c)(1)); <u>Courteau v. United States</u>, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 1915A(b)).

District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under §1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988).

The only named Defendant in the instant action is the Camp Hill Medical Department. However, the §1983 claim against the prison medical department is subject to dismissal with prejudice as the prison medical department is not a "person" for §1983 purposes. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). Accordingly, the only named Defendant will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as legally frivolous.

Additionally, although "[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" constitute cruel and unusual punishment under the Constitution, Estelle v. Gamble, 429 U.S.

- 5 -

97, 106 (1976), merely negligent treatment does not give rise to a constitutional violation, Spruill v. Gillis, 372 F.3d 218, 235 (2004). Nor is "mere disagreement as to the proper medical treatment," sufficient to state a plausible constitutional violation. Id.; see also Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.") (quotation marks omitted). Thus, Plaintiff's complaint, which does not speak to deliberate indifference, but claims only negligence, does not rise to the level of a constitutional violation. Accordingly, Plaintiff's medical needs claims will be dismissed as frivolous and for failure to state claims pursuant 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Because it is plausible that Plaintiff may be able to articulate a claim against an alternative Defendant, however, he will be given an opportunity to amend the medical needs claims. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV.   Conclusion

Based on the discussion above, the Court will dismiss the operative pleading as frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint to amend the medical needs claims.

A separate Order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 30, 2020**
20-1367-01

- 7 -